## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Plaintiff(s) | : |
| | : |
| **CHESAPEAKE BANK** | :    F I L E [stamp] |
| 97 North Main Street | :    MAY 1 8 2010 |
| Kilmarnock, Virginia 22482 | : |
| | : |
|      v. | : CV: 3:10CV247 |
| | : |
| | : |
| Defendant(s) | : |
| | : |
| **JOSEPH GERRY CULLEN** | :    **DEFENDANT'S ANSWER** |
| 1120 N. Bancroft Parkway | :    **TO PLAINTIFF'S** |
| Wilmington, Delaware | :    **COMPLAINT** |
| | : |
| **THOMAS HALEY** | : |
| 41 Millstream Road | : |
| Pine Hill, New Jersey, 08021 | : |
| | : |
| **BERNARD STROMBERG** | : |
| 12 Greenview Lane | : |
| Havertown, Pennsylvania 19083 | : |
| | : |
| **MICHAEL JUD** | : |
| 203 Crabapple Road | : |
| Manhasset, New York 11030 | : |
| | : |
| **DAVID DIVAN** | : |
| 301 Cathedral Parkway | : |
| New York, New York 10027 | : |
| | : |
| **JASON D. BLEMINGS** | : |
| 6725 Montgomery Avenue | : |
| Upper Darby, Pennsylvania 19082 | : |
| | : |
| **LOGISTICS ASSOCIATES OF** | : |
| **WILMINGTON, LLC** | : |
| Registered Agent: | : |
| 1120 N. Bancroft Parkway | : |
| Wilmington, Delaware | : |



**SO REAL BRANDS, LLC**                         :
913 North Market Street                         :
Suite 1100                                      :
Wilmington, Delaware 19801                      :
                                                :
and                                             :
                                                :
**CHANCE PRODUCTIONS, INC.**                    :
203 Crabapple Road                              :
Manhasset, New York 11030                       :

---

Defendant, Jason D. Blemings, makes the following Answer to the Complaint in Civil Action in the within matter.

## THE PARTIES

1.   Denied.   Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.   Therefore, the defendant denies the averments of the aforesaid complaint and, if material, demands proof thereof at trial.

2.   Denied.   The corresponding paragraph is addressed to other defendants and therefore no answer is required.

3.   Denied.   The corresponding paragraph is addressed to other defendants and therefore no answer is required.

4.   Denied.   The corresponding paragraph is addressed to other defendants and therefore no answer is required.

5.   Denied.   The corresponding paragraph is addressed to other defendants and therefore no answer is required.

6.   Denied.   The corresponding paragraph is addressed to other defendants and therefore no answer is required.

7.   Denied.   It is specifically denied that defendant Blemings resides at 6725 Montgomery Avenue.   Defendant Blemings resides at 800 Shadeland Avenue, Drexel Hill, Pennsylvania.

8.   Denied.   The corresponding paragraph is addressed to other defendants and therefore no answer is required.

9.   Denied.   The corresponding paragraph is addressed to other defendants and therefore no answer is required.

10.  Denied.   The corresponding paragraph is addressed to other defendants and therefore no answer is required.

## JURISDICTION AND VENUE

11.  Defendant repeats and re-alleges each every averment contained in the preceding paragraphs as if fully set forth herein. Moreover, it is specifically denied that proper venue of this matter lies in this Court.

12.  Denied.   It is specifically denied that defendant Blemings transacted any business with plaintiff in any district.   Moreover, it is specifically denied that proper venue of this matter lies in this Court.

13.  Denied.   It is specifically denied that defendant Blemings transacted any business with plaintiff in any district.   It is further denied that defendant Blemings is

subject to the jurisdiction of the state courts of Virginia.  Moreover, it is specifically denied that proper venue of this matter lies in this Court.

## RELEVANT TIME PERIOD

14.  Denied.  It is specifically denied that defendant Blemings schemed to fraudulently obtain money from and inflict damages upon plaintiff.  It is further denied that defendant Blemings transacted any business with plaintiff in any district.  Moreover, it is specifically denied that proper venue of this matter lies in this Court.

## STATEMENT OF FACTS

15.  Denied.  Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the defendant denies the averments of the aforesaid complaint and, if material, demands proof thereof on the trial of this cause. To the extent that an answer is necessary, it is specifically denied that defendant Blemings transacted any business with plaintiff.

16.  Admitted.

17.  Denied.  Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the defendant denies the averments of the aforesaid complaint

and, if material, demands proof thereof on the trial of this cause. To the extent that an answer is necessary, it is specifically denied that defendant Blemings transacted any business with plaintiff.

18. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averments of the aforesaid complaint and, if material, demands proof thereof on the trial of this cause. To the extent that an answer is necessary, it is specifically denied that defendant Blemings transacted any business with plaintiff.

19. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averments of the aforesaid complaint and, if material, demands proof thereof on the trial of this cause. To the extent that an answer is necessary, it is specifically denied that defendant Blemings transacted any business with plaintiff.

20. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averments of the aforesaid complaint

and, if material, demands proof thereof on the trial of this cause. To the extent that an answer is necessary, it is specifically denied that defendant Blemings transacted any business with plaintiff.

21. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averments of the aforesaid complaint and, if material, demands proof thereof on the trial of this cause. To the extent that an answer is necessary, it is specifically denied that defendant Blemings transacted any business with plaintiff.

## II. Background and Formation of the Scheme to Defraud Chesapeake Bank

### A. Corporate History and Governance of Atomica

22. Denied. The corresponding paragraph is addressed to other defendants and therefore no answer is required. To the extent that an answer is required, defendant was an employee of Atomica, with no authority to enter into any agreement on behalf of Atomica. Moreover, defendant was not responsible for any business or management decisions. Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement with plaintiff.

23. Denied. The corresponding paragraph is addressed to other defendants and therefore no answer is required. To the extent that an answer is required, defendant was an employee of Atomica, with no authority to enter into any agreement on behalf of Atomica. Moreover, defendant was not responsible for any business or management decisions. Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement with plaintiff.

24. Denied. The corresponding paragraph is addressed to other defendants and therefore no answer is required. To the extent that an answer is required, defendant was an employee of Atomica, with no authority to enter into any agreement on behalf of Atomica. Moreover, defendant was not responsible for any business or management decisions. Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement with plaintiff.

25. Denied. The corresponding paragraph is addressed to other defendants and therefore no answer is required. To the extent that an answer is required, defendant was an employee of Atomica, with no authority to enter into any agreement on behalf of Atomica. Moreover, defendant was not responsible for any business or management decisions.

Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement with plaintiff.

26. Denied. The corresponding paragraph is addressed to other defendants and therefore no answer is required. To the extent that an answer is required, defendant was an employee of Atomica, with no authority to enter into any agreement on behalf of Atomica. Moreover, defendant was not responsible for any business or management decisions. Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement with plaintiff.

### B. The Creation of So Real Brands As A Joint Venture of Atomica and Chance Productions

27. Denied. The corresponding paragraph is addressed to other defendants and therefore no answer is required. To the extent that an answer is required, defendant was an employee of Atomica, with no authority to enter into any agreement on behalf of Atomica. Moreover, defendant was not responsible for any business or management decisions. Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement with plaintiff.

28. Denied. The corresponding paragraph is addressed to other defendants and therefore no answer is required. To the extent that an answer is required, defendant was an employee of Atomica, with no authority to enter into any agreement on behalf of Atomica. Moreover, defendant was not responsible for any business or management decisions. Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement with plaintiff.

29. Denied. The corresponding paragraph is addressed to other defendants and therefore no answer is required. To the extent that an answer is required, defendant was an employee of Atomica, with no authority to enter into any agreement on behalf of Atomica. Moreover, defendant was not responsible for any business or management decisions. Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement with plaintiff.

30. Denied. The corresponding paragraph is addressed to other defendants and therefore no answer is required. To the extent that an answer is required, defendant was an employee of Atomica, with no authority to enter into any agreement on behalf of Atomica. Moreover, defendant was not responsible for any business or management decisions.

Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement with plaintiff.

31. Denied. The corresponding paragraph is addressed to other defendants and therefore no answer is required. To the extent that an answer is required, defendant was an employee of Atomica, with no authority to enter into any agreement on behalf of Atomica. Moreover, defendant was not responsible for any business or management decisions. Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement with plaintiff.

32. Denied. The corresponding paragraph is addressed to other defendants and therefore no answer is required. To the extent that an answer is required, defendant was an employee of Atomica, with no authority to enter into any agreement on behalf of Atomica. Moreover, defendant was not responsible for any business or management direction. Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement with plaintiff.

33. Denied. The corresponding paragraph is addressed to other defendants and therefore no answer is required. To the extent that an answer is required, defendant was an

employee of Atomica, with no authority to enter into any agreement on behalf of Atomica.   Moreover, defendant was not responsible for any business or management decisions. Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement with plaintiff.

34.  Denied.  The corresponding paragraph is addressed to other defendants and therefore no answer is required. To the extent that an answer is required, defendant was an employee of Atomica, with no authority to enter into any agreement on behalf of Atomica.   Moreover, defendant was not responsible for any business or management decisions. Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement with plaintiff.

35.  Denied.  The corresponding paragraph is addressed to other defendants and therefore no answer is required. To the extent that an answer is required, defendant was an employee of Atomica, with no authority to enter into any agreement on behalf of Atomica.   Moreover, defendant was not responsible for any business or management decisions. Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement with plaintiff.

36. Denied. The corresponding paragraph is addressed to other defendants and therefore no answer is required. To the extent that an answer is required, defendant was an employee of Atomica, with no authority to enter into any agreement on behalf of Atomica. Moreover, defendant was not responsible for any business or management decisions. Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement with plaintiff.

37. Denied. The corresponding paragraph is addressed to other defendants and therefore no answer is required. To the extent that an answer is required, defendant was an employee of Atomica, with no authority to enter into any agreement on behalf of Atomica. Moreover, defendant was not responsible for any business or management decisions. Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement with plaintiff.

38. Denied. The corresponding paragraph is addressed to other defendants and therefore no answer is required. To the extent that an answer is required, defendant was an employee of Atomica, with no authority to enter into any agreement on behalf of Atomica. Moreover, defendant was not responsible for any business or management decisions.

Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement with plaintiff.

39. Denied. The corresponding paragraph is addressed to other defendants and therefore no answer is required. To the extent that an answer is required, defendant was an employee of Atomica, with no authority to enter into any agreement on behalf of Atomica. Moreover, defendant was not responsible for any business or management decisions. Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement with plaintiff.

40. Denied. The corresponding paragraph is addressed to other defendants and therefore no answer is required. To the extent that an answer is required, defendant was an employee of Atomica, with no authority to enter into any agreement on behalf of Atomica. Moreover, defendant was not responsible for any business or management decisions. Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement with plaintiff.

C. **Formation of the Unlawful Scheme**

41. Denied. It is specifically denied that defendant Blemings wholly or partially controlled any entity.

Moreover, defendant was not responsible for any business or management decisions with respect to Atomica. Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement with plaintiff.

42. Denied. It is specifically denied that defendant Blemings wholly or partially controlled any entity. Moreover, defendant was not responsible for any business or management decisions with respect to Atomica. Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement with plaintiff.

43. Denied. It is specifically denied that defendant Blemings had any business dealings with plaintiff. Defendant was not responsible for any business or management decisions with respect to Atomica. Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement with plaintiff.

44. Denied. It is specifically denied that defendant Blemings had any business dealings with plaintiff. Defendant was not responsible for any business or management decisions with respect to Atomica. Further, at no point and time did defendant Blemings personally, or on

behalf of another entity enter into any agreement with plaintiff.

45.  Denied.  The corresponding paragraph is addressed to other defendants and therefore no answer is required.  To the extent that an answer is required, defendant Blemings did not have any business dealings with plaintiff.  Defendant was not responsible for any business or management decisions with respect to Atomica.  Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement with plaintiff.

46.  Denied.  The corresponding paragraph is addressed to other defendants and therefore no answer is required.  To the extent that an answer is required, defendant Blemings did not have any business dealings with plaintiff.  Defendant was not responsible for any business or management decisions with respect to Atomica.  Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement with plaintiff.

47.  Denied.  The corresponding paragraph is addressed to other defendants and therefore no answer is required. To the extent that an answer is required, defendant Blemings did not have any business dealings with plaintiff.

Defendant was not responsible for any business or management decisions with respect to Atomica. Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement with plaintiff.

48. Denied. The corresponding paragraph is addressed to other defendants and therefore no answer is required. To the extent that an answer is required, defendant Blemings did not have any business dealings with plaintiff. Defendant was not responsible for any business or management decisions with respect to Atomica. Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement with plaintiff.

49. Denied. The corresponding paragraph is addressed to other defendants and therefore no answer is required. To the extent that an answer is required, defendant Blemings did not have any business dealings with plaintiff. Defendant was not responsible for any business or management decisions with respect to Atomica. Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement with plaintiff.

50.   Denied.   The corresponding paragraph is addressed to other defendants and therefore no answer is required. To the extent that an answer is required, defendant Blemings did not have any business dealings with plaintiff. Defendant was not responsible for any business or management decisions with respect to Atomica.   Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement with plaintiff.

51.   Denied.   The corresponding paragraph is addressed to other defendants and therefore no answer is required. To the extent that an answer is required, defendant Blemings did not have any business dealings with plaintiff. Defendant was not responsible for any business or management decisions with respect to Atomica.   Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement with plaintiff.

52.   Denied.   It is specifically denied that defendant Blemings was the contact person for DR2 or any other entity.   Defendant Blemings made no representations to plaintiff or anyone else to the contrary.   Further, defendant did not disconnect any line.   Defendant Blemings did not have any business dealings with plaintiff.

Defendant was not responsible for any business or management decisions with respect to Atomica. Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement or attempt to enter into any agreement with Plaintiff.

**D. Chesapeake Bank Discovers Defendants' Scheme to Defraud the Bank**

53. Denied. It is specifically denied that defendant Blemings had any business dealings with plaintiff. Defendant was not responsible for any business or management decisions with respect to Atomica. Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement with plaintiff.

54. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

    *1. Logistics Associates of Wilmington, Ltd.*

55. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the

defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

56. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

57. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

58. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

59. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

60. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the

facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

61. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

62. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

63. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

64. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

## 2.  Chance Productions

65.  Denied.  Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

66.  Denied.  Defendant avers that he has no actual k information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

67.  Denied.  Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

68.  Denied.  Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

69.  Denied.  Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the

defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

70. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

71. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

72. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

73. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

74. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the

facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

75. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

76. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

3. *So Real Brands*

77. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

78. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

79. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

80. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

81. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

82. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

83. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the

defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

84.   Denied.   Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.   Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

85.   Denied.   Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.   Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

86.   Denied.   Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.   Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

87.   Denied.   Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.   Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

88. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

89. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

4.   DR2

90. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

91. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

92. Denied. It is specifically denied that defendant Blemings was the contact person for DR2 or any other entity. Defendant Blemings made no representations to

plaintiff or anyone else to the contrary. Further, defendant did not disconnect any line. Defendant Blemings did not have any business dealings with plaintiff. Defendant was not responsible for any business or management decisions with respect to Atomica. Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement or attempt to enter into any agreement with plaintiff.

93. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

94. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

95. Denied. It is specifically denied that defendant Blemings was the contact person for DR2 or any other entity. Defendant Blemings made no representations to plaintiff or anyone else to the contrary. Defendant never received let alone misappropriated any funds from plaintiff. Defendant Blemings did not have any business

dealings with plaintiff. Defendant was not responsible for any business or management decisions with respect to Atomica. Further, at no point and time did defendant Blemings personally, or on behalf of another entity enter into any agreement or attempt to enter into any agreement with Plaintiff.

96. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

97. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

5. Inkwell International

98. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

99. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the

facts averred in the plaintiff's complaint.  Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

100. Denied.  Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

101. Denied.  Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

102. Denied.  Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

103. Denied.  Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

104. Denied.   Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.   Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

105. Denied.   Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.   Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

6.   A1 Carpet Cleaners

106. Denied.   Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.   Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

107. Denied.   Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.   Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

108. Denied.   Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.   Therefore, the

defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

108. Denied.  Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

109. Denied.  Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

110. Denied.  Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

    7.    Other Invoices

111. Denied.  Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

112. Denied.   Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.   Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

113. Denied.   Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.   Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

114. Denied.   Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.   Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

115. Denied.   Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.   Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

116. Denied.   Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.   Therefore, the

defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

117. Denied.  Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

118. Denied.  Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

119. Denied.  Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

120. Denied.  Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

121. Denied.  Defendant avers that he has no actual information or knowledge of the truth or falsity of the

facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

122. Denied.  Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

123. Denied.  Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

124. Denied.  Defendant avers that he has no actual k information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

125. Denied.  Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

126. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

127. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

128. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

129. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

130. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the

defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

131. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

132. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

133. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

134. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

135. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the

facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

136. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

137. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

138. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

139. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

140. Denied.   Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

141. Denied.   Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

142. Denied.   Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

143. Denied.   Defendant avers that he has no actual information or information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

144. Denied.   Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the

defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

145. Denied.   Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.   Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

146. Denied.   Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.   Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

147. Denied.   Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.   Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

148. Denied.   Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.   Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

149. Denied.   Defendant avers that he has no actual information or knowledge of the truth or falsity of the

facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

150. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

151. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

## E. Defendants Usurping of Chesapeake Bank's Interest in Atomica's Intellectual Property

152. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

153. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the

defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

154. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

155. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

156. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

157. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

## COUNT I

### Violation of 18 U.S.C. §1962(c)

158. Defendant repeats and re-alleges each every averment contained in the preceding paragraphs as if fully set forth herein.

159. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

160. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

161. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

162. Denied. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the

defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

163. Denied.  Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

164. Denied.  Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

165. Denied.  Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

166. Denied.  Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

167. Denied.  Defendant avers that he has no actual information or knowledge of the truth or falsity of the

facts averred in the plaintiff's complaint.   Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

## COUNT II

### Common Law Conspiracy

168. Defendant repeats and re-alleges each every averment contained in the preceding paragraphs as if fully set forth herein.

169. Denied.   Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.   Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

170. Denied.   Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.   Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

## COUNT III

### Fraud

171. Defendant repeats and re-alleges each every averment contained in the preceding paragraphs as if fully set forth herein.

172. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

173. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

174. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

175. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

176. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint.  Therefore, the defendant

denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

177. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

## COUNT IV

### Conversion

178. Defendant repeats and re-alleges each every averment contained in the preceding paragraphs as if fully set forth herein.

179. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

180. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

## COUNT V

### Unjust Enrichment/Money Had and Received

181. Defendant repeats and re-alleges each every averment contained in the preceding paragraphs as if fully set forth herein.

182. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

183. Defendant avers that he has no actual information or knowledge of the truth or falsity of the facts averred in the plaintiff's complaint. Therefore, the defendant denies the averment of the aforesaid complaint and, if material, demands proof thereof at trial.

WHEREFORE, Defendant demands judgment to be entered in his favor and against Plaintiff, dismissing the action and awarding Defendant any sums that may be determined to be due by Plaintiff together with interest, costs, and other such relief as the Court deems proper.

### AFFIRMATIVE DEFENSES

Defendant asserts the following Affirmative Defenses to Plaintiffs' claims in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint herein fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is frivolous and is subject to dismissal and for attorney's fees and costs or such other penalties as are provided under the law.

## THIRD AFFIRMATIVE DEFENSE

The Defendant could not and did not foresee the damages and/or injuries Plaintiff alleges herein.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's damages, if any, were caused by other parties over whom this Defendant had no control and for whose actions this Defendant is not liable.

## FIFTH AFFIRMATIVE DEFENSE

The Defendant denies that Plaintiff has suffered any losses or damages.  In any event, any losses or damages sustained by Plaintiff are de minimis, remote, speculative and/or transient and hence not cognizable at law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action against answering Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant did not commit any wrongful, illegal, or inappropriate acts.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and cause of action set forth therein, is barred by the applicable statute of limitations and/or substantive law of the Commonwealth of Pennsylvania.

## NINTH AFFIRMATIVE DEFENSE

The injuries, damages, and/or losses complained of in Plaintiff's Complaint resulted from pre-existing physical conditions of the property and/or the acts, omissions, products, or component parts of other parties, persons or entities, including the actions or inactions of Plaintiff over which answering defendant had no legal responsibility or control and cannot held liable.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant is immune, in whole, or in part, from Plaintiff's claims.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are pre-empted, in whole, or in part.

### THIRTENTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any damages as a result of the conduct of Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this action.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to bring this cause of action against the proper party.

WHEREFORE, Defendant demands judgment in his favor together with attorney's fees and costs of suit.

Respectfully submitted,

JASON BLEMINGS
Defendant, Pro Se
800 Shadeland Avenue
Drexel Hill, PA 19026
(484) 868-2649

## VERIFICATION

I, Jason Blemings, hereby verify that I am the Defendant in this action and that the statements made in the foregoing pleadings are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

DATED: 5/17/10

**SO REAL BRANDS, LLC**
913 North Market Street
Suite 1100
Wilmington, Delaware 19801

and

**CHANCE PRODUCTIONS, INC.**
203 Crabapple Road
Manhasset, New York 11030

:
:
:
:
:
:
:
:
:
:

---

## CERTIFICATE OF SERVICE

Jason Blemings, hereby states that a true and correct copy of the foregoing Answer to Complaint was served by regular s U.S. Mail, postage prepaid, upon the following counsel of record:

Paul W. Jacobs, Esquire
Christian & Barton, LLP
909 East Main Street
Suite 1200
Richmond, VA 23219

DATED:  5/17/10          BY:

JASON BLEMINGS
Defendant, Pro Se