IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

_____
                                          )
CHESAPEAKE BANK,                          )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )      Case No. 3:10cv247
                                          )
JOSEPH GERRY CULLEN, et al.,              )
                                          )
            Defendants.                   )
_____)

## ANSWER AND AFFIRMATIVE DEFENSES

Your defendants, Joseph Gerry Cullen ("Cullen"), Logistics Associates of Wilmington,

LLC ("Logistics"), and So Real Brands, LLC ("So Real"), hereinafter collectively referred to as

defendants, by counsel, for their Answer and Affirmative Defenses to the Complaint filed herein,

state as follows:

### THE PARTIES

1.      Defendants are without information sufficient to admit or deny the allegations in

Paragraphs 1, 3, 4, 5, 6, 7 and 10 and accordingly deny the same and call for strict proof thereof.

2.      Defendants admit the allegations in Paragraphs 2, 8 and 9.

### JURISDICTION AND VENUE

3.      The allegations in Paragraphs 11, 12 and 13 call for legal conclusions for which no

response is required.  To the extent a response is required, Defendants deny the allegations

contained in Paragraphs 11, 12 and 13 of the Complaint.

### RELEVANT TIME PERIOD

4.     Defendants deny the allegations in Paragraph 14 as they pertain to these defendants.

## STATEMENT OF FACTS

**I.     The Cash Flow Agreement**

5.     Defendants are without information sufficient to admit or deny the allegations in Paragraphs 15, 16, 17, 18, 19, 20 and 21, and accordingly deny the same and call for strict proof thereof.

**II.     Background and Formation of the Scheme to Defraud Chesapeake Bank**

   **A.     Corporate History and Governance of Atomica**

6.     Defendants are without information sufficient to admit or deny the allegations in Paragraphs 22, 23, 24 and 25, and accordingly deny the same and call for strict proof thereof.

7.     Defendants admit the allegations in the first sentence of Paragraph 26.  Defendants further admit the allegations in the second sentence of Paragraph 26 to the extent that it was represented to Cullen that he would be the Chief Development Officer of Atomica, but that nothing was done to formalize or to implement this position by Atomica.  Defendants deny the allegations in the last sentence of Paragraph 26.

   **B.     The Creation of So Real Brands As A Joint Venture of Atomica
            And Chance Productions**

8.     Defendants are without information sufficient to admit or deny the allegations in Paragraphs 27, 29, 30, 35, 36, 37 and 39, and accordingly deny the same and call for strict proof thereof.

9.     With respect to the allegations in Paragraph 28, Defendants are without

information sufficient to admit or deny the allegations in the first sentence of Paragraph 28, and

accordingly deny the same and call for strict proof thereof.  Defendants deny the allegations in the

last sentence of Paragraph 28, although Cullen admits that he was involved with hiring

professionals to draft various versions of a joint venture between Atomica and Chance

Productions, which joint venture was never consummated and never existed, and therefore,

defendants deny the allegations in the last sentence of Paragraph 28.

10.     With respect to the allegations in Paragraph 31, defendants admit that the

allegations generally outline discussions ongoing between Atomica and Chance Productions but

are without information sufficient to admit or deny all of the discussions between Atomica and

Chance Productions and accordingly deny the allegations in Paragraph 31 and call for strict proof

thereof.

11.     Defendants deny the allegations in Paragraphs 32 and 34.

12.     Defendants admit so much of the allegations in Paragraph 33 that state that Cullen

was requested to participate in the formation of So Real Brands and did, in fact, learn that the

name was available and could be formed under the laws of the State of Delaware but deny the

remainder of the allegations in Paragraph 33.

13.     Defendants admit the allegations in Paragraph 38.

14.     Defendants deny the allegations in Paragraph 40.

### C.     Formation of the Unlawful Scheme

15.     Defendants deny the allegations in Paragraphs 41, 42, 43, 44, 46 and 47.

16.     With respect to the allegations in Paragraph 45, defendants deny knowing that

Stromberg was submitting fraudulent invoices during the time Cullen was associated with Atomica, but have subsequently learned through e-mails and conversations with Stromberg that Stromberg now has conceded that Stomberg, DiPalma, Recchia and Diane Scalera were, in fact, knowingly and intentionally submitting fraudulent invoices for services on behalf of companies as alleged in Paragraph 45. All of this was learned long after these defendants had any association whatsoever with Atomica, and this information was unknown to these defendants at any time until after this fraud had been perpetrated and Cullen was no longer employed by Atomica.

17.     Defendants are without information sufficient to admit or deny the allegations in Paragraphs 48, 49, 50, 51 and 52, and accordingly deny the same and call for strict proof thereof.

**D.     Chesapeake Bank Discovers Defendants' Scheme to Defraud the Bank**

18.     Defendants deny the allegations as to these defendants in Paragraph 53.

19.     Defendants are without information sufficient to admit or deny the allegations in Paragraph 54, and accordingly deny the same and call for strict proof thereof and deny that they were in any way involved with the submission of fraudulent receivables at any time.

*1.     Logistics Associates of Wilmington, Ltd.*

20.     Defendants are without information sufficient to admit or deny the allegations in Paragraphs 55 and 56 and accordingly deny the same and call for strict proof thereof.

21.     Defendants deny the allegations in Paragraphs 57 and 58.

22.     Defendants admit the allegations in the first sentence of Paragraph 59, but deny the remainder of the allegations in Paragraph 59.

23.     With respect to the allegations in Paragraph 60, defendants admit that Cullen was

requested by Atomica to make a loan to Atomica in the amount of $51,500.00, as well as other loans, and did so on September 2, 2009.  Defendants admit that this was a loan and nothing else and deny the remainder of the allegations in Paragraph 60.

24.     Defendants are without information sufficient to admit or deny the allegations in Paragraph 61, and accordingly deny the same and call for strict proof thereof.

25.     Defendants deny the allegations in Paragraphs 62, 63 and 64 as they pertain to these defendants, and are without information sufficient to admit or deny those allegations as they pertain to other defendants, and accordingly deny the same and call for strict proof thereof.

2.     *Chance Productions*

26.     Defendants deny the allegations in Paragraph 65 as it relates to these defendants.

27.     Defendants are without information sufficient to admit or deny the allegations in Paragraphs 66, 67, 68, 70, 71, 72, 73, 74, 75 and 76, and accordingly deny the same and call for strict proof thereof.

28.     Defendants are without information sufficient to admit or deny the allegation contained in Paragraph 69 regarding the action Stromberg may have taken in "caus[ing] the sum of $100,000.00 to be paid to Atomica for this initial set of invoices by Edward D. McCreary[.]" Defendants deny that Stromberg and Mr. McCreary are "close friend[s]."  Defendants admit, however, that Mr. McCreary is Defendant Cullen's friend and accountant.  Defendants also admit that Mr. McCreary wrote the word "Loan" in the note section of the copied check he wrote to Atomica, and which is attached as Exhibit 7 to the Complaint.  Defendants further admit that Mr. McCreary and Stromberg signed a promissory note obligating Stromberg to repay the

$100,000.00 loan, but that Atomica defaulted and did not honor the promissory note.  Defendants admit that Defendant Cullen, due to a sense of loyalty to his friend McCreary, repaid McCreary the $100,000.00 loan with interest.

> 3.    *So Real Brands*

29.    Defendants deny the allegations in Paragraph 77 as it relates to these defendants.

30.    Defendants are without information sufficient to admit or deny the allegations in Paragraphs 78, 79, 80, 81, 82, 84 and 86, and accordingly deny the same and call for strict proof thereof.

31.    With respect to the allegations in Paragraph 83, defendants admit that Cullen was asked to and did make a loan to Atomica in the amount of $50,000.00 and issued a check on October 29, 2009 to Atomica.  This was a loan that remains outstanding, due and owing by Atomica to Cullen.  Defendants deny the remainder of the allegations in Paragraph 83.

32.    With respect to the allegations in Paragraph 85, defendants admit that Cullen did, in fact, make a loan to Atomica on or about November 1, 2009 as alleged in Paragraph 85 and accordingly admits the allegations in Paragraph 85, to the extent that this represented a loan that was made by Cullen to Atomica.

33.    Defendants deny the allegations in Paragraphs 87, 88 and 89 as they relate to these defendants.

> 4.    *D2R*

34.    Defendants deny the allegations in Paragraph 90 as they relate to these defendants.

35.    Defendants are without information sufficient to admit or deny the allegations in

Paragraphs 91, 92, 93 and 94, and accordingly deny the same and call for strict proof thereof.

36.     Defendants deny the allegations in Paragraphs 95, 96 and 97 as they relate to these defendants.

### 5.     Inkwell International

37.     Defendants deny the allegations in Paragraph 98 as they relate to these defendants.

38.     Defendants are without information sufficient to admit or deny the allegations in Paragraphs 99, 100, 101 and 102, and accordingly deny the same and call for strict proof thereof, with the exception that defendants deny that Cullen was in any way involved as an investor in Inkwell International as alleged in Paragraph 101.

39.     Defendants deny the allegations in Paragraphs 103, 104 and 105 as they relate to these defendants.

### 6.     A1 Carpet Cleaners

40.     Defendants are without information sufficient to admit or deny the allegations in Paragraphs 106 and 107, and accordingly deny the same and call for strict proof thereof.

41.     Defendants deny the allegations in Paragraphs 108, 109 and 110 as they relate to these defendants.

### 7.     Other Invoices

42.     Defendants deny the allegations in Paragraph 111.

43.     Defendants are without information sufficient to admit or deny the allegations in Paragraphs 112, 114, 116, 118, 120, 122, 124, 126, 128, 130, 132, 134, 136, 138, 140, 142, 144, 146, 148 and 150, and accordingly deny the same and call for strict proof thereof.  Defendants

expressly note that Paragraphs 112-148 specifically allege that only Bernard Stromberg – and not Cullen, Logistics or So Real – submitted fraudulent invoices to Chesapeake Bank.

44.     Defendants deny the allegations in Paragraphs 113, 115, 117, 119, 121, 123, 125, 127, 129, 131, 133, 135, 137, 139, 141, 143, 145, 147, 149 and 151 as they pertain to these defendants.

**E.     Defendants Usurping of Chesapeake Bank's Interest in Atomica's Intellectual Property**

45.     Defendants are without information sufficient to admit or deny the allegations in Paragraph 152, and accordingly deny the same and call for strict proof thereof.

46.     Defendants deny the allegations in Paragraphs 153, 154, 155, 156 and 157 as they relate to these defendants.

**COUNT I**
**Violation of 18 U.S.C. § 1962 (c)**

47.     Defendants adopt and reallege their responses to Paragraphs 1 through 157 as their response to Paragraph 158.

48.     The allegations in Paragraphs 159, 160 and 161 call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraphs 159, 160 and 161 of the Complaint.

49.     Defendants deny the allegations in Paragraphs 162, 163, 164, 165, 166 and 167 as they pertain to these defendants.

**COUNT II**
**Common Law Conspiracy**

50.     Defendants adopt and reallege their responses to the previous paragraphs as their response to Paragraph 168.

51.     Defendants deny the allegations in Paragraphs 169 and 170 as they pertain to these defendants.

## COUNT III
**Fraud**

52.     Defendants adopt and reallege their responses to the previous paragraphs as their response to Paragraph 171.

53.     Defendants deny the allegations in Paragraphs 172, 173, 174, 175, 176 and 177 as they pertain to these defendants.

## COUNT IV
**Conversion**

54.     Defendants adopt and reallege their responses to the previous paragraphs as their response to Paragraph 178.

55.     Defendants deny the allegations in Paragraphs 179 and 180 as they pertain to these defendants.

## COUNT V
**Unjust Enrichment/Money Had and Received**

56.     Defendants adopt and reallege their responses to the previous paragraphs as their response to Paragraph 181.

57.     Defendants deny the allegations in Paragraphs 182 and 183 as they pertain to these defendants.

58.    Defendants deny any and all allegations not expressly admitted.

## AFFIRMATIVE DEFENSES

1.    Defendants affirmatively allege that Cullen has loaned Atomica in excess of $500,000.00 for which these Defendants believed to be legitimate purposes, which amount has been and remains unpaid by Atomica, and these defendants are victims of the alleged scheme to defraud Chesapeake Bank, which was orchestrated by DiPalma, Recchia, Diane Scalera and Stromberg as alleged in the Complaint.

2.    Chesapeake Bank is estopped from asserting the claims herein against these defendants on the basis that Chesapeake Bank failed to adequately investigate the alleged scheme set forth in the Complaint that was perpetrated by DiPalma, Recchia, Diane Scalera and Stromberg and allowed Atomica to perpetrate this fraud.

3.    Defendants affirmatively allege that to the extent Chesapeake Bank has been damaged, said damages have been caused by the conduct or acts of others, over whom these defendants had no control and for which these defendants are not responsible.

4.    Defendants deny that they are indebted or liable to Plaintiff in the amount claimed or in any amount for the reasons stated or for any other reason.

5.    Defendants deny that any alleged act or omission on their part proximately caused Chesapeake Bank's alleged injuries, or that any alleged act or omission by Defendants caused the damages Plaintiff alleges in its Complaint.

6.    Defendants affirmatively allege that Chesapeake Bank is not entitled to the extraordinary remedy of a preliminary injunction because it cannot satisfy the requirements for

10

obtaining such relief under applicable Supreme Court precedent.  See <u>Winter v. Natural</u>

<u>Resources Defense Council, Inc.</u>, 555 U.S. ___, 129 S. Ct. 365, 374 (2008).

7.      Defendants affirmatively allege that Chesapeake Bank is not entitled to the

imposition of a constructive trust pursuant to applicable Virginia law.

8.      Defendants deny they are guilty of conduct for which punitive damages may be

awarded.  At all times, Defendants acted in good faith and did not act with malice or recklessness

towards Plaintiff.

9.      Defendants affirmatively allege that the allegations herein fail to state a claim with

sufficient particularity for which relief can be granted.

10.      Defendants assert all other defenses, privileges, and protections available and

reserve the right to expand, alter, enlarge or amend their Answer and Affirmative Defenses at any

such time as additional information comes to their attention during the discovery process or at the

trial of this action.

WHEREFORE, Joseph Gerry Cullen, Logistics Associates of Wilmington, LLC and So

Real Brands, LLC pray that the Complaint filed herein be dismissed, and that they be awarded

their costs and such other relief as the Court deems equitable.

**DEFENDANTS CULLEN, LOGISTICS AND SO REAL BRANDS DEMAND A**

**JURY TRIAL.**

JOSEPH GERRY CULLEN,
LOGISTICS ASSOCIATES OF WILMINGTON,
LLC, AND SO REAL BRANDS, LLC


By:_____/s/_____
                Of Counsel

11

William D. Bayliss, Esq. (VSB # 13741)
bbayliss@williamsmullen.com
M. Eve G. Campbell, Esq. (VSB # 41490)
ecampbell@williamsmullen.com
Brendan D. O'Toole, Esq. (VSB # 71329)
botoole@williamsmullen.com
Williams Mullen
Williams Mullen Center
200 South 10th Street, Suite 1600
Richmond, VA 23219
T: 804.420.6000
F: 804.420.6507
*Counsel for Cullen, Logistics and So Real Brands*

## CERTIFICATE

I hereby certify that on the 14th day of June, 2010, I will electronically file the foregoing

with the Clerk of Court using the CM/ECF system, which will then send a notification of such

filing (NEF) to the following:

Paul W. Jacobs, II Esq. (VSB # 16815)
pjacobs@cblaw.com
R. Braxton Hill, IV, Esq. (VSB # 41539)
bhill@cblaw.com
Belinda D. Jones, Esq. (VSB # 72169)
bjones@cblaw.com
Christian & Barton LLP
909 East Main Street, Suite 1200
804-697-4100
Fax: 804-697-4112
*Counsel for Plaintiff*

David Hilton Wise (VSB 30828)
James P. Lukes (VSB 73752)
WISE LAW, PLC
11325 Random Hills Road, Suite 350
Fairfax, Virginia 22030
Tel: (703) 934-6377
Fax: (703) 934-6379
dwise@wiselawplc.com
jlukes@wiselawplc.com

*By Special Appearance, Attorneys for*
*Defendants Thomas Haley, David Divan and*
*Chance Productions, Inc.*
I further certify that I will mail the foregoing to:

Jason D. Blemings
6725 Montgomery Ave.
Upper Darby, Pennsylvania 19082

Bernard Stromberg
12 Greenview Lane
Haverton, Pennsylvania 19083

Sarah C. Reimers, Esq. (VSB 72249)
ROETZEL & ANDRESS, LPA
1300 Eye Street, N.W.
Suite 400 East
Washington, DC 20005
Telephone: (202) 625-0600
Facsimile: (202) 338-6340
sreimers@ralaw.com
*By Special Appearance, Attorney for*
*Defendant Michael Jud*

                                            /s/
                          Brendan D. O'Toole, Esq. (VSB # 71329)
                          botoole@williamsmullen.com
                          Williams Mullen
                          Williams Mullen Center
                          200 South 10th Street, Suite 1600
                          Richmond, VA 23219
                          T: 804.420.6000
                          F: 804.420.6507
                          *Counsel for Defendants Cullen, Logistics*
                          *and So Real Brands*

7794338_1.DOC

13