## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

_____
                                                    )
CHESAPEAKE BANK,                                    )
                                                    )
       *Plaintiff,*                                )
                                                    )
       *v.*                                        )   Case No.:  3:10-cv-247-REP
                                                    )
JOSEPH GERRY CULLEN, *et al.,*                      )   The Hon. Robert E. Payne
                                                    )
       *Defendants.*                               )
_____)

### ANSWER AND GROUNDS OF DEFENSE OF DEFENDANT THOMAS HALEY

Defendant Thomas Haley, by undersigned counsel, pursuant to the Court's Order of June 17, 2010 [Doc. No. 21] and without prejudice to his pending motion to dismiss for lack of personal jurisdiction and for failure to state a claim upon which relief may be granted, states as follows:

### THE PARTIES

1.      Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

2.      Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

3.      Admitted.

4.      Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

5.      Admitted upon information and belief.

6.      Admitted upon information and belief.

7.      Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

8.      Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

9.      Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

10.     Admitted upon information and belief.

## JURISDICTION AND VENUE

11.     The allegations in this paragraph call for legal conclusions to which no response is required.  To the extent a response is required, Defendant denies these allegations.

12.     The allegations in this paragraph call for legal conclusions to which no response is required.  To the extent a response is required, Defendant denies these allegations.

13.     Denied.  Defendant incorporates by reference his pending motion to dismiss for lack of personal jurisdiction [Doc. No. 14] as if fully restated herein.

## RELEVANT TIME PERIOD

14.     Denied.

## STATEMENT OF FACTS

**I.      The Cash Flow Agreement**

15.     Defendant lacks information to admit or deny these allegations and therefore denies same and demands strict proof thereof.

16.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

17.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

18.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

19.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

20.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

21.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

**II.     Background and Formation of the Scheme to Defraud Chesapeake Bank**

**A.     Corporate History and Governance of Atomica**

22.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

23.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

24.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

25.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

26.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

**B.     The Creation of So Real Brands As A Joint Venture of Atomica and Chance Productions**

27.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

28.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

29.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

30.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

31.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

32.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

33.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

34.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

35.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

36.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

37.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

38.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

39.     Admitted that Haley began working for Atomica in 2009, that Haley worked on So Real Brands projects with Chance Productions, and that Haley had been previously employed by AC Moore.  Defendant lacks information to admit or deny the remaining allegations in this paragraph and therefore denies same and demands strict proof thereof.

40.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

### C.      Formation of the Unlawful Scheme

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

46.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

47.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

**D.      Chesapeake Bank Discovers Defendants' Scheme to Defraud the Bank**

53.     Denied.

54.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

*1.   Logistics Associates of Wilmington, Ltd.*

55.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

56.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

57.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

58.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

59.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

60.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

61.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

62.     Denied that Defendant obtained and/or misappropriated any monies from Chesapeake Bank.  Defendant lacks information to admit or deny the remaining allegations in the paragraph and therefore denies same and demands strict proof thereof.

63.     Denied.

64.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

### 2.  Chance Productions

65.     Denied.

66.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

67.     Denied.

68.     Denied.

69.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

70.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

71.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

72.     Denied.

73.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.  Defendant specifically denies that the portion of the referenced Exhibit 10 which purports to contain email correspondence from David Divan to Bernard Stromberg dated November 3, 2009 is a correct copy of such correspondence.

74.     Denied.

75.     Denied.

76.     Denied.

### 3. So Real Brands

77.     Denied.

78.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

79.     Denied that Haley made any misrepresentations.  Defendant lacks information to admit or deny the remaining allegations in this paragraph and therefore denies same and demands strict proof thereof.

80.     Admitted that Haley was an employee of Atomica.  Defendant lacks information to admit or deny the remaining allegations in this paragraph and therefore denies same and demands strict proof thereof.

81.     Denied.

82.     Denied.

83.     Deny that there was any scheme.  Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

84.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

85.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

86.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

87.     Denied.

88.     Denied.

89.     Denied.

### 4. D2R

90.     Denied.

91.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

92.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

93.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

94.     Defendant denies any affiliation with D2R.  Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

95.     Denied.

96.     Denied.

97.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

### 5. Inkwell International

98.     Denied.

99.     Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

100.    Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

101.    Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

102.    Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

103.    Denied.

104.    Denied.

105.    Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

### 6.  A1 Carpet Cleaners

106.    Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

107.    Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

108.    Denied.

109.    Denied.

110.    Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

### 7.  Other invoices

111.    Denied.

112.    Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

113.    Denied.

114.    Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

115.    Denied

116.    Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

117.    Denied.

118.    Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

119.    Denied.

120.    Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

121.    Denied.

122.    Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

123.    Denied.

124.    Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

125.    Denied.

126.    Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

127.    Denied.

128.    Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

129.    Denied.

130.    Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

131.    Denied.

132.    Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

133.    Denied.

134.    Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

135.    Denied.

136.    Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

137.    Denied.

138.    Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

139.    Denied.

140.    Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

141.    Denied.

142.    Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof..

143.    Denied.

144.    Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

145.    Denied.

146.    Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

147.    Denied.

148.    Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

149.    Denied.

150.    Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

151.    Denied.

    E.    **Defendants Usurping of Chesapeake Bank's Interest In Atomica's Intellectual Property**

152.    The referenced document speaks for itself and all allegations contrary thereto are denied.  Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

153.    Denied.

154.    Denied.

155.    Defendant lacks information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

156.    Denied.

157.    Denied.

## COUNT I
### Violation of 18 U.S.C. § 1962(c)

158.     Defendant incorporates by reference his answers to the preceding numbered paragraphs as if fully restated herein.

159.     The allegations in this paragraph call for legal conclusions to which no response is required.  To the extent a response is required, Defendant denies these allegations.

160.     The allegations in this paragraph call for legal conclusions to which no response is required.  To the extent a response is required, Defendant denies these allegations.

161.     The allegations in this paragraph call for legal conclusions to which no response is required.  To the extent a response is required, Defendant denies these allegations.

162.     Denied.

163.     Denied.

164.     Denied.

165.     Denied.

166.     Denied.

167.     Denied.

## COUNT II
### Common Law Conspiracy

168.     Defendant incorporates by reference his answers to the preceding numbered paragraphs as if fully restated herein.

169.     Denied.

170.     Denied.

## COUNT III
**Fraud**

171.   Defendant incorporates by reference his answers to the preceding numbered paragraphs as if fully restated herein.

172.   Denied.

173.   Denied.

174.   Denied.

175.   Denied.

176.   Denied.

177.   Denied.

## COUNT IV
**Conversion**

178.   Defendant incorporates by reference his answers to the preceding numbered paragraphs as if fully restated herein.

179.   Denied.

180.   Denied.

## COUNT V
**Unjust Enrichment/Money Had and Received**

181.   Defendant incorporates by reference his answers to the preceding numbered paragraphs as if fully restated herein.

182.   Denied.

183.   Denied.

## **AFFIRMATIVE DEFENSES**

**Affirmative Defense No. 1.**      Defendant denies each and every allegation in the Complaint unless expressly admitted herein.

**Affirmative Defense No. 2.**      Lack of personal jurisdiction.

**Affirmative Defense No. 3.**      Failure to state a claim upon which relief can be granted.

**Affirmative Defense No. 4.**      Failure to join required and necessary parties.

**Affirmative Defense No. 5.**      Plaintiff's damages, if any, were not caused by any acts, conduct, or omissions of this Defendant.

**Affirmative Defense No. 6.**      Plaintiff's claims are barred by the doctrine of estoppel.

**Affirmative Defense No. 7.**      Plaintiff's claims for equitable relief are barred under Virginia law.

**Affirmative Defense No. 8.**      Plaintiff cannot seek equitable relief where there is adequate remedy at law.

**Affirmative Defense No. 9.**      Plaintiff's claims are barred by its own negligence and lack of due diligence.

**Affirmative Defense No. 10.**      Failure to mitigate damages.

**Affirmative Defense No. 11.**      Defendant denies that any act on his part was the proximate cause of any damages claimed herein.

**Affirmative Defense No. 12.**      There is no basis for a claim of attorney's fees against this Defendant.

Defendant reserves the right to add additional affirmative defenses as the grounds therefore become known through the course of discovery.

## JURY DEMAND

Defendant Thomas Haley hereby demands trial by jury on all issues so triable.

WHEREFORE, Defendant Thomas Haley prays that the Complaint be dismissed with prejudiced, that he be awarded his costs and attorney fees incurred in defending this action and that this Court award such other relief to Defendant as this Court deems appropriate and just.

Dated:  June 30, 2010                    Respectfully submitted,


_____/s/_____
David Hilton Wise
Virginia bar number:  30828
James P. Lukes
Virginia bar number:  73752
Attorneys for Defendants Thomas Haley, David
        Divan & Chance Productions, Inc.
WISE LAW, PLC
11325 Random Hills Road, Suite 350
Fairfax, Virginia 22030
Phone:      703-934-6377
Fax:          703-934-6379
dwise@wiselawplc.com
jlukes@wiselawplc.com
*By Special Appearance*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Paul W. Jacobs, II, Esq.
Rowland Braxton Hill, IV, Esq.
Belinda D. Jones, Esq.
CHRISTIAN & BARTON, LLP
909 E. Main Street, Suite 1200
Richmond, Virginia 23219
pjacobs@cblaw.com
bhill@cblaw.com
bjones@cblaw.com
*Counsel for Plaintiff Chesapeake Bank*

William D. Bayliss, Esq.
Brendan D. O'Toole, Esq.
WILLIAMS MULLEN
1021 E. Cary St.
PO Box 1320
Richmond, Virginia 23218
bbayliss@williamsmullen.com
botoole@williamsmullen.com
*Counsel for Defendants Joseph Gerry Cullen, So Real Brands, LLC, and Logistics Associates of Wilmington, LLC*

Patrick M. Donahue, Esq.
The Donahue Law Firm
18 West Street
Annapolis, Maryland 21401
*Counsel for Defendants David Divan & Chance Productions, Inc.*

And I hereby certify that I will mail the document by U.S. Mail to the following non-filing users:

Mr. Jason D. Blemings
800 Shadeland Avenue
Drexel Hill, Pennsylvania 19026
*Pro Se Defendant*

Sarah C. Reimers, Esq.
ROETZEL & ANDRESS, LPA
1300 Eye Street, N.W.
Suite 400 East
Washington, DC 20005
sreimers@ralaw.com
*By Special Appearance for Defendant Michael Jud*

_____/s/_____
David Hilton Wise
Virginia bar number:  30828
Attorney for Defendants Thomas Haley, David
    Divan & Chance Productions, Inc.
WISE LAW, PLC
11325 Random Hills Road, Suite 350
Fairfax, Virginia 22030
Phone:      703-934-6377
Fax:          703-934-6379
dwise@wiselawplc.com
*By Special Appearance*