**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

_____

| | |
|---|---|
| CHESAPEAKE BANK, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| *v.* | ) Case No.:  3:10-cv-247-REP |
| | ) |
| JOSEPH GERRY CULLEN, *et al.,* | ) The Hon. Robert E. Payne |
| | ) |
| *Defendants.* | ) |
_____)

**ANSWER AND GROUNDS OF DEFENSE**
**OF DEFENDANTS DAVID DIVAN AND CHANCE PRODUCTIONS, INC.**

Defendants David Divan and Chance Productions, Inc. ("Chance Productions"), by undersigned counsel, pursuant to the Court's Order of June 17, 2010 [Doc. No. 21] and without prejudice to their pending motions to dismiss for lack of personal jurisdiction and for failure to state a claim upon which relief may be granted, state as follows:

**THE PARTIES**

1.      Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

2.      Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

3.      Admitted upon information and belief.

4.      Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

5.      Admitted.

6.      Admitted.

7.       Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

8.       Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

9.       Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

10.      Admitted.

## JURISDICTION AND VENUE

11.      The allegations in this paragraph call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

12.      The allegations in this paragraph call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

13.      Denied.  Defendants incorporate by reference their pending motion to dismiss for lack of personal jurisdiction [Doc. No. 14] as if fully restated herein.

## RELEVANT TIME PERIOD

14.      Denied.

## STATEMENT OF FACTS

**I.       The Cash Flow Agreement**

15.      Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

16.      Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

17.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

18.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

19.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

20.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

21.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

**II.     Background and Formation of the Scheme to Defraud Chesapeake Bank**

   **A.     Corporate History and Governance of Atomica**

22.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

23.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

24.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

25.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

26.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

**B.     The Creation of So Real Brands As A Joint Venture of Atomica and Chance Productions**

27.     Admitted that Chance Productions and Atomica began doing business together in approximately the spring of 2009.  Denied that David Divan is the controlling member of Chance Productions.  David Divan is a part owner of Chance Productions.   All other allegations are denied.

28.     Denied.

29.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

30.     Denied that Atomica and Chance Productions ever agreed to enter into a joint venture or that Atomica was going to perform any actions as part of any such joint venture. Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

31.     Denied.

32.     Denied.

33.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

34.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

35.     Denied.

36.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

37.     Denied.

38.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

39.     Admitted that Haley began working for Atomica in 2009, that Haley worked on So Real Brands projects with Chance Productions, and that Haley had been previously employed by AC Moore.  Defendants lack information to admit or deny the remaining allegations in the paragraph and therefore deny same and demand strict proof thereof.

40.     Denied.

            **C.     Formation of the Unlawful Scheme**

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

46.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

47.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

> **D.     Chesapeake Bank Discovers Defendants' Scheme to Defraud the Bank**

53.     Denied.

54.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

> *1.   Logistics Associates of Wilmington, Ltd.*

55.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

56.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

57.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

58.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

59.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

60.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

61.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

62.     Denied that Defendants obtained and/or misappropriated any monies from Chesapeake Bank.  Defendants lack information to admit or deny the remaining allegations in the paragraph and therefore deny same and demand strict proof thereof.

63.     Denied.

64.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

2.  *Chance Productions*

65.     Denied.

66.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

67.     Denied.

68.     Denied.

69.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

70.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

71.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

72.     Denied.

73.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.  Defendants specifically deny that the portion of the referenced Exhibit 10 which purports to contain email correspondence from David Divan to Bernard Stromberg dated November 3, 2009 is a correct copy of such correspondence.

74.     Denied.

75.     Denied.

76.     Denied.

### 3.  So Real Brands

77.     Denied.

78.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

79.     Denied that Haley made any misrepresentations.  Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

80.     Admitted that Haley was an employee of Atomica.  Defendants lack information to admit or deny the remaining allegations in the paragraph and therefore deny same and demand strict proof thereof.

81.     Denied.

82.     Denied.

83.     Deny that there was any scheme.  Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

84.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

85.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

86.     Denied that there was any joint venture agreement between Atomica and Chance Productions.   Defendants lack information to admit or deny the remaining allegations in the paragraph and therefore deny same and demand strict proof thereof.

87.     Denied.

88.     Denied.

89.     Denied.

*4.  D2R*

90.     Denied.

91.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

92.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

93.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

94.     Defendants Divan and Chance Productions deny any knowledge of or affiliation with D2R.  Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

95.     Denied.

96.     Denied.

97.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

*5.  Inkwell International*

98.     Denied.

99.     Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

100.    Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

101.    Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

102.    Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

103.    Denied.

104.    Denied.

105.    Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

### 6.  A1 Carpet Cleaners

106.    Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

107.    Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

108.    Denied.

109.    Denied.

110.    Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

### 7.  Other invoices

111.    Denied.

112.    Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

113.    Denied.

114.    Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

115.    Denied

116.    Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

117.    Denied.

118.    Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

119.    Denied.

120.    Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

121.    Denied.

122.    Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

123.    Denied.

124.    Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

125.    Denied.

126.    Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

127.    Denied.

128.    Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

129.    Denied.

130.    Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

131.    Denied.

132.    Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

133.    Denied.

134.    Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

135.    Denied.

136.    Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

137.    Denied.

138.    Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

139.    Denied.

140.    Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

141.    Denied.

142.    Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

143.    Denied.

144.    Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

145.    Denied.

146.    Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

147.    Denied.

148.    Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

149.    Denied.

150.    Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

151.    Denied.

    E.    **Defendants Usurping of Chesapeake Bank's Interest In Atomica's Intellectual Property**

152.    The referenced document speaks for itself and all allegations contrary thereto are denied.  Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

153.    Denied.

154.    Denied.

155.    Defendants lack information to admit or deny these allegations and therefore deny same and demand strict proof thereof.

156.    Denied.

157.    Denied.

## COUNT I
### Violation of 18 U.S.C. § 1962(c)

158.    Defendants incorporate by reference their answers to the preceding numbered paragraphs as if fully restated herein.

159.    The allegations in this paragraph call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

160.    The allegations in this paragraph call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

161.    The allegations in this paragraph call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

162.    Denied.

163.    Denied.

164.    Denied.

165.    Denied.

166.    Denied.

167.    Denied.

## COUNT II
### Common Law Conspiracy

168.    Defendants incorporate by reference their answers to the preceding numbered paragraphs as if fully restated herein.

169.    Denied.

170.    Denied.



## COUNT III
### Fraud

171.    Defendants incorporate by reference their answers to the preceding numbered paragraphs as if fully restated herein.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

177.    Denied.

## COUNT IV
### Conversion

178.    Defendants incorporate by reference their answers to the preceding numbered paragraphs as if fully restated herein.

179.    Denied.

180.    Denied.

## COUNT V

### Unjust Enrichment/Money Had and Received

181.    Defendants incorporate by reference their answers to the preceding numbered paragraphs as if fully restated herein.

182.    Denied.

183.    Denied.

In response to the unnumbered paragraphs following paragraph 183, Defendants deny that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

**Affirmative Defense No. 1.**    Defendants deny each and every allegation in the Complaint unless expressly admitted herein.

**Affirmative Defense No. 2.**    Lack of personal jurisdiction.

**Affirmative Defense No. 3.**    Failure to state a claim upon which relief can be granted.

**Affirmative Defense No. 4.**    Failure to join required and necessary parties.

**Affirmative Defense No. 5.**    Plaintiff's damages, if any, were not caused by any acts, conduct, or omissions of these Defendants.

**Affirmative Defense No. 6.**    Plaintiff's claims are barred by the doctrine of estoppel.

**Affirmative Defense No. 7.**    Plaintiff's claims for equitable relief are barred under Virginia law.

**Affirmative Defense No. 8.**    Plaintiff cannot seek equitable relief where there is adequate remedy at law.

**Affirmative Defense No. 9.**    Plaintiff's claims are barred by its own negligence and lack of due diligence.

**Affirmative Defense No. 10.**    Failure to mitigate damages.

**Affirmative Defense No. 11.**    Defendants deny that any act on their part was the proximate cause of any damages claimed herein.

**Affirmative Defense No. 12.**    There is no basis for a claim of attorney's fees against these Defendants.

Defendants reserve the right to add additional affirmative defenses as the grounds therefore become known through the course of discovery.

## **JURY DEMAND**

Defendants David Divan and Chance Productions, Inc. hereby demand trial by jury on all issues so triable.

WHEREFORE, Defendants David Divan and Chance Productions, Inc. pray that the Complaint be dismissed with prejudiced, that they be awarded their costs and attorney fees incurred in defending this action, and that and this Court award such other relief to Defendants as this Court deems appropriate and just.

Dated:  June 30, 2010                              Respectfully submitted,


                                                  _____/s/_____
                                                  David Hilton Wise
                                                  Virginia bar number:  30828
                                                  James P. Lukes
                                                  Virginia bar number:  73752
                                                  Attorneys for Defendants Thomas Haley, David
                                                        Divan & Chance Productions, Inc.
                                                  WISE LAW, PLC
                                                  11325 Random Hills Road, Suite 350
                                                  Fairfax, Virginia 22030
                                                  Phone:      703-934-6377
                                                  Fax:          703-934-6379
                                                  dwise@wiselawplc.com
                                                  jlukes@wiselawplc.com
                                                  *By Special Appearance*

*Of Counsel:*

Patrick M. Donahue, Esq.
Attorney for Defendants David Divan &
        Chance Productions, Inc.
The Donahue Law Firm
18 West Street
Annapolis, Maryland 21401
Tel:     (410) 280-2023
Fax:     (410) 280-0905
pmd@thedonahuelawfirm.com
*Admitted pro hac vice*
*By Special Appearance*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Paul W. Jacobs, II, Esq.
> Rowland Braxton Hill, IV, Esq.
> Belinda D. Jones, Esq.
> CHRISTIAN & BARTON, LLP
> 909 E. Main Street, Suite 1200
> Richmond, Virginia 23219
> pjacobs@cblaw.com
> bhill@cblaw.com
> bjones@cblaw.com
> *Counsel for Plaintiff Chesapeake Bank*
>
> William D. Bayliss, Esq.
> Brendan D. O'Toole, Esq.
> WILLIAMS MULLEN
> 1021 E. Cary St.
> PO Box 1320
> Richmond, Virginia 23218
> bbayliss@williamsmullen.com
> botoole@williamsmullen.com
> *Counsel for Defendants Joseph Gerry Cullen, So Real Brands, LLC, and Logistics Associates of Wilmington, LLC*

And I hereby certify that I will mail the document by U.S. Mail to the following non-filing users:

> Mr. Jason D. Blemings
> 800 Shadeland Avenue
> Drexel Hill, Pennsylvania 19026
> *Pro Se Defendant*
>
> Sarah C. Reimers, Esq.
> ROETZEL & ANDRESS, LPA
> 1300 Eye Street, N.W.
> Suite 400 East
> Washington, DC 20005
> sreimers@ralaw.com
> *By Special Appearance for Defendant Michael Jud*

_____/s/_____
David Hilton Wise
Virginia bar number:  30828
Attorney for Defendants Thomas Haley, David
  Divan & Chance Productions, Inc.
WISE LAW, PLC
11325 Random Hills Road, Suite 350
Fairfax, Virginia 22030
Phone: 703-934-6377
Fax:  703-934-6379
dwise@wiselawplc.com
*By Special Appearance*